UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x
ANGELA PAGE,

    Plaintiff,

vs.

LIBERTY CENTRAL SCHOOL DISTRICT,

    Defendant.
-------------------------------------------------x

**COMPLAINT**

JUDGE ROBINSON

**'07 CIV 11182**

By and through her counsel, MICHAEL H. SUSSMAN, plaintiff hereby complains of defendant as follows:

## I. PARTIES

1. Plaintiff, Angela Page, is a resident of the County of Sullivan, within this judicial district.

2. Defendant, Liberty Central School District, is a municipal corporation situated within this judicial district.

3. Defendant may sue and be sued in this Honorable Court.

## II. JURISDICTION

4. As plaintiff timely filed a complaint of discrimination on the basis of disability, received a right to sue letter from the

United States Department of Justice and timely files this complaint, this Honorable Court has jurisdiction of this matter pursuant to 42 U.S.C. sec. 12101, et seq., 28 U.S.C. secs. 1331, 1343(3) and (4) and 1367 and 42 U.S.C. sec. 1988.

As the state claim advanced herein arises out of the same nucleus of operative facts, this Honorable Court has jurisdiction over it.

### III. **FACTUAL ALLEGATIONS**

5. Plaintiff was employed for more than fifteen years as a librarian by the defendant. At all times before she became disabled as a consequence of defendant's negligent and reckless conduct, plaintiff well performed all of her duties as a librarian and was so evaluated.

6. Due to mold contamination in the library at the middle school to which she was assigned, by June 2004, plaintiff became disabled as defined by the Americans with Disabilities Act.

7. Plaintiff timely filed for and has been adjudicated as eligible for worker compensation benefits based upon this

causally-related injury.

8. Plaintiff suffers from severe respiratory disease which causes her to be highly sensitive to fragrances, odors and any scent, and disallows her to safely enter or remain in the middle school or any other of the district's public schools.

9. Plaintiff has been unable to work in the middle school or any of the district's other schools since the summer 2004.

10. Plaintiff repeatedly sought reasonable accommodations from defendant.

11. As repeatedly, defendant rejected the provision to plaintiff of any of these reasonable accommodations, including her serving as a virtual librarian, her working as a grant writer or a tutor.

12. In or about September 2006, defendant sought to terminate plaintiff on the ground that she had been absent from school for two school years.

13. Plaintiff conceded that she had been absent.

14. In late November 2007, an arbitrator sustained

defendant's claim that plaintiff had been absent from her position for the claimed period and defendant school district then terminated plaintiff's employment on the ground that she had been absent from school since September 2004.

15. The arbitrator who sanctioned this termination also determined that defendant was not legally responsible for providing plaintiff with any of the accommodations she requested.

16. This finding was not necessary to his determination, which was premised upon plaintiff's absence from the work place for the time period indicated.

17. In fact, contrary to this arbitrator's recommended disposition, plaintiff's requests for accommodation were reasonable, did not impose a substantial hardship upon the defendant and were dishonored in violation of the Americans with Disabilities Act.

18. As a direct consequence of defendant's refusal to provide her with reasonable accommodation, plaintiff has

suffered substantial pecuniary and non-pecuniary losses.

19. As of the date of her termination, plaintiff had a right to remain employed by defendant while on worker's compensation.

20. Said right derived from her collective bargaining agreement, which assured her of the same and created a vested right to continued employment under said circumstance.

21. In terminating plaintiff despite this clear contractual obligation, defendant not only violated its contract with plaintiff's union, of which plaintiff was an intended beneficiary; it also discriminated against her on the basis of her disability.

22. In all regards, defendant's conduct was malicious and intentional and based on an absolute disregard of her disability and its role in creating the same.

IV. **CAUSES OF ACTION**

23. Plaintiff repeats each and every allegation set forth in paras. 1-22 above.

24. By and through its acts and omissions as set forth above, defendant intentionally violated 42 U.S.C. sec. 12101, et

seq. and section 296 of the Executive Law of the State of New York, as made actionable by and through section 297.

## V. **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Honorable Court:

1. Accept jurisdiction of this matter;

2. Empanel a jury to hear and decide all issues within its jurisdiction;

3. Award to plaintiff compensatory damages in the sum of $2,000,000 with pre and post-judgment interests for intentional discrimination on the basis of her disability;

4. Award to plaintiff the reasonable attorney fees and costs arising from this matter;

5. Order defendant to provide plaintiff with reasonable accommodations as required by federal law and regulation and

6. Enter any relief which it deems just and equitable.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NY 10924
(845)-294-3991

COUNSEL FOR PLAINTIFF

DATED: 12/12/07